Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff here appears for himself and not by attorney. Effective May 2, 1940, he was appointed by the National Youth Administration as chef on a work project at Burlington, State of Vermont, at a monthly salary of $100, and, as stated in the notice of appointment: “on a full-time basis or a minimum of 160 hours per pay-roll month.”
In the course of his employment he was sent to another project, in the same capacity, at Waterbury, Vermont. While at his new post his salary was increased to $125 per month. He was separated from the service March 6,1941.
The validity of his separation from the service is not in issue, nor are the base rates of $100 and $125 per month for *371 salary. What the plaintiff is claiming is extra compensation for excessive time he put in, extra compensation at the rate of time and a half. He does not complain of what he terms a 44-hour schedule, which was in effect for part of the time, and did exceed 160 hours per month, or 40 hours per week.
The plaintiff was cook, dietician, class instructor for the boys in camp. Boys’ appetites extend into Saturdays and Sundays, embrace a three-meal schedule, and we are satisfied with the plaintiff’s account of his overtime. The pay rolls show no work done on Sunday and only a half-day’s work or no work on Saturdays, contrary to plaintiff’s testimony, and hunger recognizes no holiday. The pay rolls are not to be relied upon.
However, when we look to the terms of employment, we find that the time of “160 hours per pay-roll month” (or 40 hours per week) was stated expressly as a “minimum” — not a maximum. That is to say, the plaintiff was to be on duty at least 40 hours a week, a longer time might be possible. A longer time was even probable and foreseeable. There is reason to suppose that the plaintiff did foresee this situation. Breakfast of course is prepared before the ordinary hours of labor and the concluding meal of the day is disposed of after the ordinary hours of labor. The plaintiff is presumed to have known that.
The plaintiff was also “to be employed on a full-time basis.” “Full-time” and “part-time” have well-known meanings, and this meant that the National Youth Administration was to have available from the plaintiff a complete working-day.
About the fullness of plaintiff’s working-day there can be no doubt. He was on duty more than half of the 24-hour day, and his working days included Saturdays and Sundays. This would be hardship for many.
With all this, there was no agreement by the Government, express or implied, to pay plaintiff more than it did pay plaintiff. There were no hours stipulated in the appointment other than that they were not to be less than 160 hours a month. The plaintiff had to be on duty at least 160 hours.
Even though the plaintiff were entitled to compensation in addition to his $100 a month or $125 a month, as the case might be, there is no way in which the amount of such addi *372 tional compensation could be computed, for the arrangement under which the plaintiff was employed shows no maximum number of hours applicable to the stated salaries of $100 and $125 per month.
The plaintiff’s petition states that he claims an overtime charge “in accordance with United States Labor Laws.” Rule 11 of this Court requires a petitioner, in the event his claim is founded upon an act of Congress, to specify in his petition “the act and the section thereof on which plaintiff relies.” This the plaintiff here has not done. While the Court desires to be liberal in a case of this character, it may not always supply and remedy major deficiencies in pleading.
The plaintiff is not entitled to recover and his petition is dismissed. It is so ordered.
Whitaker, Judge/ and LittletoN, Judge, concur.
MaddeN, Judge; and JoNes, Judge), took no part in the decision of this case.